UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY MARIE DREWS,

                    Plaintiff,

          -against-

GOLDOLLAR REAL ESTATE
INVESTMENTS; LYNMARK GROUP-
ORANGE AVENUE APARTMENTS, LLC, dba
THE SHELDON AT SUFFERN STATION;
CARLA HINES MELCHER,

                    Defendants.

24-CV-6697 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction.[1] Plaintiff asserts claims under 42 U.S.C. § 1983, the Violence against Women Act (VAWA), federal criminal statutes, 18 U.S.C. §§ 241, 1514, and 2261A, and state law. By order dated September 10, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the action, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Although Plaintiff lists her two children (one a minor and the other an adult) in the caption of the complaint as additional plaintiffs, they have not signed the complaint. As explained below, their claims are dismissed, and the Court therefore refers to Wendy Drews as Plaintiff.

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. In June 2019, Plaintiff moved into an apartment on Blauvelt Way. (ECF 1 at 10.) The apartment building is owned or managed by GoldOller Real Estate Investments, the Lynmark Group, and Orange Avenue Apartments, LLC, doing business as The Sheldon at Suffern Station. Carla Hines-Melcher worked as the property manager.

On May 31, 2023, when Plaintiff was away from her home, property manager Carla Hines "unlocked [the] door . . . and allowed the police without a warrant to abduct [her] 16 year old son."[2] (ECF 1 at 10.) Plaintiff's minor son, E.B. was "thrown into foster care for 142 days." (*Id.* at 11.) Plaintiff contends that Hines was "[a]cting as an officer of the Law assisting in Abduction of [her] minor child." (*Id.* at 13.) Plaintiff invokes 42 U.S.C. § 1983, asserting violations of her rights under the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution. (*Id.* at 2.)

---

[2] Plaintiff has a separate suit against the police officer involved in the May 31, 2023, removal of Plaintiff's child from her custody. *See Drews v. Adams*, No. 24-CV-6698 (NSR) (S.D.N.Y.). In that action, Plaintiff attached to her complaint a police report stating that on May 31, 2023, a CPS Senior Caseworker provided police with an "Order on Application for Access to Child and Home" dated May 26, 2023, and that officer Adams "informed the Building Manager, Carla Hines, of the situation [and] advised Hines that there was a valid court order issued which ordered access to [the child] and his home." *Drews*, No. 24-CV-6698 (ECF 1 at 23).

Plaintiff also alleges that Property Manager Hines: (1) altered the rent amount in the lease in 2019 (*id.* at 10); (2) refused to "refund" rent that Plaintiff had prepaid when she wanted to leave because another tenant was harassing her (*id.*); (3) illegally discriminated against another prospective tenant as "too young" (*id.*); (4) refused to renew Plaintiff's lease, on the ground that Plaintiff's family was "dangerous to other tenants" (*id.* at 11).

In addition, one or more defendants allegedly: (1) assisted a tenant in sealing a case that Plaintiff had brought against him for harassment; (2) reported a debt to a credit reporting agency, which "was removed after two weeks"; (3) raised the rent during the pandemic; (4) brought an "eviction holdover action while [Plaintiff was] protected under ERAP," a state or local Emergency Rental Assistance Program that paid rental arrears; (5) failed to provide a washer and dryer in good working order; (6) threatened to tow Plaintiff's car; and (7) served process on Plaintiff's twenty-year-old son.

## DISCUSSION

### A.    Additional Plaintiffs

Plaintiff Wendy Drews lists her two children as additional plaintiffs in the caption of the complaint. Neither has signed the complaint or submitted an *in forma pauperis* application, and one child was a minor at the time the complaint was filed.

A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. "In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the 'threshold question' is 'whether a given matter is plaintiff's own case or one that belongs to another.'" *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Any claims that Plaintiff is asserting on behalf of her minor child, E.B, must be dismissed without prejudice because she cannot bring such claims on behalf of the child.

Plaintiff's adult son, Roland Bristol, who is listed as a plaintiff in the caption, has not signed the complaint or submitted an *in forma pauperis* application detailing his own financial information. The Court therefore dismisses him as a plaintiff in this action, without prejudice to his refiling his claims, and denies Roland Bristol's application for ECF filing privileges (ECF 7). Wendy Drews thus is the sole Plaintiff in this action, and the claims she asserts must be based on her own injuries and on violations of her rights.

## B.    Constitutional Claims under Section 1983

Plaintiff asserts claims, under 42 U.S.C. § 1983, against building manager Hines for allegedly violating her constitutional rights under the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution. To state a claim under Section 1983, a plaintiff must allege that a person acting under the color of state law, or a "state actor," violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

To satisfy the state action requirement, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation,

4

custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

"[A] private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). For a private actor to be "a willful participant in joint activity with the State or its agents" the two must share some common goal to violate the plaintiff's rights. *Id.* at 85 (citation omitted). By contrast, where government employees act independently of the private party, there is no joint action. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) ("Where . . . a police officer exercises independent judgment . . ., the private party is not 'jointly engaged' in the officer's conduct so as to render it a state actor under Section 1983.").

Here, Plaintiff alleges that, at the request of a police officer and ACS employees, Hines unlocked the door to Plaintiff's apartment. Officers then took Plaintiff's minor child into custody in connection with ongoing Family Court proceedings. Plaintiff's allegations reflect that the police officer and ACS employees exercised their judgment in removing Plaintiff's child from the home, and there are no allegations that property manager Hines shared this goal. Plaintiff thus has not alleged facts showing joint action, and Defendant Hines cannot be considered a state actor subject to suit under Section 1983.

In addition to joint action, a private party can also be liable for a conspiracy to violate constitutional rights. *See Betts*, 751 F.3d at 84 ("A Section 1983 conspiracy claim is distinct from one of joint action." (citing *Ciambriello*, 292 F.3d at 323)). To state such a claim, a plaintiff must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an

unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). "[C]onspiracies may be proven by "circumstantial, rather than direct, evidence," *id.*, but "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity," *Ciambriello*, 292 F.3d at 324.

Plaintiff has not alleged any facts that might give rise to an inference of an agreement between Hines and police officers and ACS employees to inflict an unconstitutional injury. Because the complaint does not include non-conclusory allegations sufficient to support a plausible claim that Defendants acted in concert or had an agreement with others to violate Plaintiff's constitutional rights, Plaintiff has not stated a claim that Defendant Hines was engaged in a conspiracy to violate Plaintiff's constitutional rights. Plaintiff's Section 1983 claims against Defendant Hines for violating Plaintiff's constitutional rights must therefore be dismissed for failure to state a claim on which relief can be granted.

## C.    Violence Against Women Act  (VAWA)

Plaintiff invokes the VAWA, describing herself as a "federally protected class status human rights survivor – VAWA." (ECF 1 at 2.)  She also attaches several pages of definitions or descriptions of VAWA provisions, such as descriptions of "psychological violence," and information about criminal penalties. (ECF 1 at 13-16.) VAWA was originally intended to provide a federal civil cause of action for victims of violent crimes against women, but the key civil remedy provision was struck down. *See United States v. Morrison*, 529 U.S. 598, 627 (2000) (invalidating VAWA's private civil remedy provision as exceeding Commerce Clause authority). More recently, Congress adopted the Violence Against Women Reauthorization Act of 2022, 15 U.S.C. § 6851, which became effective as of October 1, 2022, and provides a federal

civil cause of action for individuals whose intimate images are disclosed without their consent. 15 U.S.C. § 6851(b)(1)(A).

Plaintiff does not allege that Hines or the other defendants (all of which are entities connected with ownership or management of her private apartment rental) disclosed intimate images of her in violation of Section 6851. Thus, although Plaintiff describes herself as a "domestic abuse survivor," this allegation does not relate to any actions on the part of the named defendants, and it is unclear why Plaintiff invokes the VAWA in connection with her claims against these defendants. The allegations of the complaint fail to state a claim under the VAWA, and the claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### D.    Prosecuting criminal claims

Plaintiff invokes numerous federal criminal statutes. She cannot initiate the arrest and prosecution of an individual in court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Moreover, prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff can report criminal activity to law enforcement authorities, and they have discretion in determining whether to prosecute. Accordingly, the Court dismisses Plaintiff's claims arising under federal criminal statutes for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### E.    Fair Credit Reporting Act

Plaintiff mentions that Defendants "put a debt on [her] credit report after [she] filed my rebuttal with NYS Human Rights. It was removed after two weeks. [Her] FICA score dropped 22 points." (ECF 1 at 5.) Because Plaintiff alleges that Defendants improperly reported payment

information to a credit reporting agency, the Court considers whether she states a claim under the Fair Credit Reporting Act ("FCRA").

The FCRA imposes duties on furnishers of credit information to consumer reporting agencies ("CRA"), which are codified at 15 U.S.C. §§ 1681s–2(a) and (b): Subsection (a) relates to furnishers' duties to report accurate information to a CRA and correct inaccurate information. Subsection (b) governs furnishers' duties of investigation once notice is received from a CRA that there is a dispute as to the completeness or accuracy of information furnished.

An individual plaintiff cannot sue for a violation of 15 U.S.C. § 1681s-2(a). *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("[T]here is no private cause of action for violations of Section 1681s-2(a)."). This is because this subsection of the FCRA "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s-2(d); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials.").

An individual plaintiff can sue a furnisher of information for a violation of Section 1681s-2(b). *Id.* at 80 (noting that the FCRA "does provide for a private cause of action pursuant to § 1681s-2(b)."). A furnisher's duties under Section 1681s–2(b) include, among other things, to "conduct an investigation with respect to the disputed information," after receiving notice from a CRA. 15 U.S.C. § 1681s–2(b)(1). "To state a claim [under Section 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [CRA] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148 (FPG), 2019 WL

162743, at *4 (W.D.N.Y. Jan. 10, 2019). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute. *See Okocha v. HSBC Bank USA, N.A.*, No. 08-CV-8650 (MHP), 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Plaintiff fails to state a claim under Section 1681s-2(b)(1) because she does not allege facts suggesting that any defendant (1) received notice of a dispute regarding her information from a CRA, and (2) failed to conduct a reasonable investigation or otherwise comply with any obligation under the FCRA. Any claim that Plaintiff is asserting under the FCRA must therefore be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## F.    State law claims

Once the district court "has dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction of state law claims. 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### G.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

It is unclear if Plaintiff can allege additional facts to state a valid claim. The Court grants Plaintiff 30 days' leave to file an amended complaint to detail her claims, if she can state a claim under the standards set forth herein. The Court notes that Plaintiff has filed multiple lawsuits against different parties related to removal of her child, her children's schools, and her apartment rental. The Court cautions Plaintiff that, should she choose to file an amended complaint, claims already raised in her other actions should not be included in her amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses without prejudice claims asserted on behalf of E.B. and Roland Bristol, and denies Roland Bristol's application for ECF filing privileges (ECF 7).

The Court dismisses Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead, and declines to exercise supplemental jurisdiction of her state law claims, 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    July 28, 2025
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.